Long, Appeal No. 22-2275. Mr. Roy, whenever you're ready. Good morning. May it please the Court, Mr. Reitz. My name is Michael Roy on behalf of Appellant Delvarez Long. This Court should vacate Mr. Long's sentence and remand for resentencing because the District Court erred by considering rehabilitation as a reason for imposing an above-guidelines sentence. The statutory text of Section 3582A is clear. Imprisonment is not an appropriate means of promoting correction and rehabilitation. The United States Supreme Court in United States v. Tapia construed this language to create a bright-line rule that a court may not impose or lengthen a prison sentence to enable an offender to complete a treatment program or otherwise promote rehabilitation. So what are we to make of this in that, you know, when you read the entire sentencing transcript, the Court goes through all sorts of considerations, discusses the factors under 3553A, and then you're right. You know, in that one moment she says, those are the reasons the Court intends to impose the stated sentence, and she's just said, you know, you would benefit from participation in prison industries, learning some job skills. Does that just one offhand remark taint all of the rest of the reasons that she is using? Well, I have two points in response to that, Your Honor. First, I would say that the way that she phrased it in that one section of the transcript does taint it. I would point to the chart the government includes in their brief on page 12, where the government contrasts the comments here against Lucas and Burroughs. And Lucas and Burroughs, both times the district court phrased its reference to rehabilitation as, while you're going to prison, you should take advantage of these programs, right? Lucas, it will provide an opportunity for rehabilitative programs. Burroughs, this will give you time to avail yourself of the sex offender treatment, et cetera, other programs. Here, the Court said, I'm ordering this sentence to promote respect, just punishment, and the sentence is long enough to participate in prison industries as well as learn some job skills. Right, so here's the question. Is she just saying that here's the length of your sentence, and oh, by the way, this sentence is going to be long enough for you to do that? Or is she saying, I am making it this long so that you can do the prison industries? It's a subtle difference, but I think it's an important one. I think that's exactly right. That is the difference that matters. And the way I read the wording here is a causal relationship. I'm imposing the length of this sentence because it will give you time to participate in industries. And I think key is the sentence that the government cuts from the chart on page 12 of their brief, where the very next line is, those are the reasons the Court intends to impose the stated sentence. What do we do with the fact that defense counsel did not object at sentencing? Because let's say defense counsel heard it the way you did. And defense counsel says, I object because you can't order sentence. You can't send someone to prison just long enough so they can participate in RDAP, right? If the judge says, I want you to participate in the RDAP program, the RDAP program is a minimum of 18 months or whatever, so I'm sentencing you to 21 months and I want you to get in the RDAP program. Objection, judge, you can't do that under TAPIA. Oh, my gosh, you're right. And right there on the record she corrects it and says, disregard that. I'm not just – that's what we – look, right? We'd have to find plain error that the judge plainly erred. Right. Which makes it a little harder for you, don't you? Would you agree with that? Especially when we're trying to decipher what exactly did the district judge mean by this comment? Well, I agree with some of what you're saying in that if someone had caught it and the judge had corrected herself and said, well, all right, I have these other reasons, I'm not going to consider rehabilitation. And, I mean, I've read transcripts where that's happened, where either the government or defense counsel catches the error and the court corrects themselves. And she says, I'm sticking with the same number of months that I just mentioned. Right. But in terms of plain error review, I mean, we can see it's plain error review, it's forfeited. But I don't see that as an obstacle to remanding here. In United States v. Copp, it was also plain error review. That case shows that remand is still appropriate, even if it's only a matter of months. I think it was two months in Copp that created it. I'd also point to then-Judge Gorsuch's concurring opinion in United States v. Mendiola where Judge Gorsuch – then-Judge Gorsuch marches through the different prongs of plain error review. Once you can say that there is a clear and obvious error on appeal, he found it very easy to find the third and fourth factor. The fourth factor is only a paragraph of his discussion. He sees it as obvious because any time someone is put in prison for time that Congress says they're not supposed to be in prison for, that necessarily meets fourth prong plain error. And my understanding, that's the only part of plain error review the government is focused on. I would have thought your problem is greater on the second prong. If we're having a debate about exactly what it was that the district judge meant, if we read the transcript as a whole, maybe there's an error. Although I'll have to confess, I sentenced plenty of people long before Tapia to time enough to get into the RDAB program for that purpose. Learned later that was incorrect. But we know that district judges have to consider rehabilitation. We know that it's also a good idea for them to talk about opportunities for rehabilitation, right? And so I guess what I'm struggling with is finding if this is an error, what's so plain about it? Well, and I'll admit Tapia candidly is counterintuitive. No state court judge in the circuit has to follow a similar restriction. The Illinois Constitution requires rehabilitation as a requirement. I think every state in the circuit at least calls its prison operation a department of corrections. That's correct. But ultimately it comes down to a policy decision, and this is Congress's policy determination under the Sentencing Reform Act that they're getting rid of the rehabilitative model. They're no longer going to view prison as rehabilitative. Rehabilitation is still a consideration in sentencing in general, and it's one of the four purposes under 3553A, but those purposes only apply as relevant to the type of sentence being imposed. So a judge does have to consider— And to the terms of supervised release and to trying to encourage a defendant to take advantage of the opportunities that will be available in prison and so on. That's correct. So a judge should consider rehabilitation. It can be a mitigation argument, as it was for trial counsel in this case. Trial counsel brought up rehabilitation, cited Mr. Long's single parent who had trouble finding resources growing up, that he has mental health issues, drug issues, asked the court to consider that as an argument in mitigation, and that could be a factor that the court considers to lower a prison sentence or how they want to shape probation, shape supervised release. But what Congress says is that it cannot be a reason to impose prison time or extend prison time. And last thing I want to say before reserving for rebuttal is I think the context of the sentencing transcript as a whole actually supports our position here in that if you look starting at page 32 of the sentencing transcript where the court says it's explaining its reasons for an above-guideline sentence, it very quickly turns to the fact that Mr. Long has been afforded opportunities for rehabilitation in the past, including prison time, showing the judge's thinking about prison as rehabilitative. The judge then turns back later to talk about Mr. Long's child support, that he has children adjudicated in need of services, that he needs to be back on the ball with domestic issues, that he's had prior anger control counseling, but it hasn't stopped what's happening. He needs more drug addiction counseling, more treatment. He needs domestic violence counseling. These are all things the judge says in the context of why it's imposing an above-guideline sentence. And then the clincher is the phrase that we were discussing earlier in response to Judge Wood's question. And I'll reserve the remainder of my time for rebuttal. Thank you. Thank you, Mr. Wright. Mr. Reitz. May it please the Court. Brian Reitz, again. This Court's precedents in Shaw, Lucas, and Burroughs all stand athwart Mr. Long's claim. He cannot identify any similar statement by a district court judge where this Court reversed, while we can identify at least two similar statements where this Court affirmed. Instead, Mr. Long relies on COPP,  increased a sentence by two months in order to reduce the sentence by two months. That is under any standard of review. But on plain error, Mr. Long certainly cannot succeed. Judge Wood, I agree. I think you can read Judge Pratt's statement in one of two ways. But a 50-50 toss is not plain error. And certainly it's not error for a judge to say, I'm imposing 51 months, and by the way that sentence will allow you to participate in RDAP. I think that's a reasonable reading of Judge Pratt's statement. And that would not constitute plain error. I want to make one other point that maybe my brief didn't clearly enough, that based on the Tapia concurrence, in the concurrence they point to that a sentence well above the minimum necessary for RDAP might not be a situation where a judge was influenced by RDAP. So typically a defendant has to have about 24 months remaining on their sentence to participate in RDAP. The guidelines here were 33 to 41. The judge went above 51 months. It seems hard to fathom that the judge went above guidelines and doubled the amount necessary to participate in RDAP because of rehabilitation. Well, for that program, I mean, but I think it could go beyond that. I mean, the judge could say, you know, you need to stay in prison for 60 months because it's just going to take that long to get fixed, so to speak. Yeah, I accept that idea. There's one program that has... I think it's fair that the only Tapia violation doesn't necessarily occur because of 24 months for RDAP. I agree with that, but that seemed to be a big focus here. And that is not our primary... I mean, granted, I mean, I would be the first to agree if you're saying that Tapia requires some pretty fine line drawing between being able to discuss the collateral consequences of the length of the sentence versus being motivated to make it that long for these rehabilitative purposes. We certainly agree it's a fine line. I think it's difficult for district court judges who not only want to grapple with the defendant's mitigation argument, they also, as Judge Hamilton's concurrence said in Shaw, they want to reach the defendant. And I think encouraging rehabilitation is a way to humanize sentencing, which I know is often difficult for district court judges. So the line is thin and maybe has to be, but it's not plain error here. If there are no further questions, we'll be happy to respond. Thank you, Mr. Reitz. Mr. Roy? Thank you, Judge. Just two brief points. First, the government says we can't point to any similar statement or situation. I see many parallels between this case and United States v. Shaw. Like Shaw, we're not arguing that this is tied to a specific drug treatment program or other rehabilitative program. But looking at the transcript as a whole, looking at the context, that shows that rehabilitation was a factor in the sentence. The government's requested test of a dominant factor or driving force test, there's no support for that in the statute or in United States v. Tapia. And although the government says United States v. Shaw shifted this search because it's precedent in that direction, Shaw merely mentioned that the district court had focused on rehabilitation as a driving factor. It did not say a driving factor or driving force or however the government wants to phrase it was the reason and the only time that Tapia is violated. And if the court has no further questions, I will see you the rest of my time. Thank you, Mr. Roy. The council will take the case under advisement.